UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JERZY PRZEWOZNIK,                   :
                                    :
    Plaintiff,                      :    Civil Action No. 13-361 (SRC)
                                    :
    v.                              :    **OPINION**
                                    :
COMMISSIONER OF SOCIAL              :
SECURITY,                           :
                                    :
    Defendant.                      :
_____ :

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Jerzy Przewoznik ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance and supplemental security income benefits, alleging disability beginning July 25, 2009. A hearing was held before ALJ Richard West (the "ALJ") on June 20, 2011, and the ALJ issued a decision on July 12, 2011, finding that Plaintiff was not disabled within the meaning of the Social Security Act. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

The ALJ, in short, found that, at step three, Plaintiff did not meet or equal any of the

Listings. At step four, the ALJ found that, while Plaintiff did not retain the residual functional capacity to perform his past relevant work, Plaintiff retained the residual functional capacity to perform light work, as long as the work does not require the climbing of ladders or exposure to hazards. At step five, the ALJ consulted the Medical-Vocational Rules and found that a finding of "not disabled" was directed by Medical-Vocational Rule 202.21. The ALJ found that the additional limitations found at step four had little to no effect on the occupational base of unskilled light work. The ALJ thus concluded that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff appeals on several grounds: 1) the ALJ erred in ignoring the opinion of Plaintiff's treating physician; 2) the ALJ erred in his evaluation of Plaintiff's subjective complaints; 3) the ALJ erred in not obtaining vocational expert testimony; and 4) the ALJ erred by failing to obtain additional consultative examinations. None of these arguments succeeds.

As to the first point, Plaintiff contends that the ALJ ignored the report dated June 21, 2011 written by Plaintiff's treating neurologist, Dr. Salanky. As the Commissioner observes, the hearing before the ALJ occurred on June 20, 2011. Dr. Salanky's report was not in the record before the ALJ. The letter does appear in the record sent to this Court by the Social Security Administration. Although a letter from Plaintiff's counsel dated March 30, 2012 claims "that a previous narrative [from Dr. Solanky] was faxed to the Appeals Council June 21, 2011," the fax bar on the June 21, 2011 Solanky letter shows a fax date of July 22, 2011. The ALJ's decision was issued on July 12, 2011. There appears to be no basis to believe that this letter was

submitted to the ALJ, or to the Commissioner, prior to the date of the ALJ's decision. Rather, the record indicates that it was sent to the Appeals Council after the ALJ issued his decision.

Plaintiff argues, nonetheless, that the ALJ disregarded important evidence. The record does not support the inference that the ALJ had the opportunity to review the June 21, 2011 letter prior to making his decision. Plaintiff has failed to persuade this Court that the ALJ disregarded anything.

Plaintiff next contends that the ALJ failed to comply with regulatory requirements in making his credibility determination about Plaintiff. Plaintiff's brief, however, offers little more than this vague assertion. Plaintiff does not point to specific regulatory requirements relating to credibility determinations, nor specific parts of the record or of the ALJ's decision that show noncompliance with particular requirements. Plaintiff has failed to sufficiently articulate this argument for the Court to consider it.

Plaintiff next argues that the ALJ erred by not obtaining the testimony of a vocational expert at step five. Plaintiff contends that, pursuant to SSR 83-10, given the presence of non-exertional limitations, the ALJ was required to obtain the testimony of a vocational expert. There are a couple of problems here. First, the regulation Plaintiff cites, SSR 83-10, does not state that the presence of non-exertional limitations requires the testimony of a vocational expert. As the Commissioner points out, the most relevant source of law is found in Social Security Acquiescence Ruling AR 01-1(3), "*Sykes v. Apfel*; Using the Grid Rules as a Framework for Decisionmaking when an Individual's Occupational Base is Eroded by a Nonexertional Limitation—Titles II and XVI of the Social Security Act," 2001 WL 65745. That Ruling states:

> Before denying disability benefits at step five when a claimant has a nonexertional limitation(s), we must:
>
> (1) take or produce vocational evidence such as from a vocational expert, the DOT or other similar evidence (such as a learned treatise); or
>
> (2) provide notice that we intend to take or are taking administrative notice of the fact that the particular nonexertional limitation(s) does not significantly erode the occupational job base, and allow the claimant the opportunity to respond before we deny the claim.

Id. Plaintiff argues as if the first option were mandatory, but it is not: there are two options. It appears that, at step five, the ALJ followed the second option, since the decision states that "the additional limitations have little or no effect on the occupational base of unskilled light work." (Tr. 26.) Plaintiff has not argued that the Commissioner failed to comply with the procedural requirements in the second option. This Court finds no basis to conclude that the ALJ erred by not obtaining the testimony of a vocational expert.

Lastly, Plaintiff contends that the Commissioner "failed to ensure that consultative examinations be completed." (Pl.'s Br. 15.) Plaintiff offers no legal authority for this argument. Plaintiff has given this Court no basis for finding error.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

          s/ Stanley R. Chesler
          STANLEY R. CHESLER, U.S.D.J.

Dated: February 4, 2014